# IN THE UNITED STATES DISTRICT COURT
## EASTER DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JULIA REANDO, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) Case No. 4:25-cv-195 |
| and | ) |
| WASHINGTON UNIVERSITY MASTER WELFARE BENEFIT PLAN, | ) |
| Defendants. | ) |

## **COMPLAINT**

1. The Plaintiff, Julia Reando (hereinafter "Plaintiff"), by and through undersigned counsel, Talia Ravis, files this Complaint against Defendants Unum Life Insurance Company of America (hereinafter "Unum") and Washington University Master Welfare Benefit Plan (hereinafter "the Plan").

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction over this case pursuant to 28U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Julia Reando brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132(a)(1)(B).

3. The Plaintiff, Julia Reando, has at all times material hereto, been a citizen of St. Charles County, Missouri.

4. Plaintiff is informed and believes that Defendant Unum is a Maine corporation doing business in St. Charles County, Missouri. Therefore, pursuant to 29 U.S.C. §1132(e)(2), venue is proper in this judicial district.

5. Unum issued the Group Policy Number 566874 002 ("the LTD Policy") to the Plan, for the benefit of Wash U employees, agreeing to pay Plaintiff, as a Wash U employee and participant of the Plan, long-term disability ("LTD") benefits in the event she became disabled and unable to work.

6. The Plan is a group employee benefit that provides LTD benefits to participants in the event they become disabled on a long-term basis. The LTD benefit pays a percentage of the employee's former salary. The LTD benefits are payable as long as the participant remains totally and permanently disabled, through age 65.

7. Defendant Unum both insures and administers the LTD insurance coverage to Wash U employees.

8. Unum is the payor of the LTD benefits under the LTD Policy.

9. Unum processed and denied Plaintiff's claim for LTD benefits.

10. Unum has a financial interest in Plaintiff's LTD claim.

11. Unum has a conflict of interest in Plaintiff's LTD claim.

## FACTUAL ALLEGATIONS

**A. Vocational Information.**

12. Plaintiff began employment with Wash U in November of 2003.

13. Plaintiff worked as a Nurse Anesthetist for Wash U. In this position, Plaintiff administered anesthesia, monitored patient's vital signs, oversaw patient recovery from anesthesia, and assisted anesthesiologists, surgeons, and other members of the healthcare team during surgical, obstetrical, and other medical procedures.

14. In the Wash U School of Medicine Job Description for a Nurse Anesthetist, the primary duties and responsibilities (essential functions) include, but are not limited to:

- Reviewing schedule of cases assigned daily and studying lab values and physical findings in pre-anesthetic examination;
- Determining in consultation with an anesthesiologist the choice of anesthetic technique and appropriate monitoring for each patient; ascertaining that blood of proper type is available when indicated and operative permit is properly signed;
- Explaining procedures to patients, including risks and benefits;
- Assembling supplies and equipment in operating room;
- Selecting solutions to be administered for fluid replacement;
- Administering anesthetic agents to maintain patient in surgical anesthetic state;
- Placing both noninvasive and invasive monitors as indicated to monitor patient's blood pressure, pulse, respiration, temperature, color, and fluid loss and watching for significant physical changes;
- Keeping surgeon and anesthesiologist informed of patient's condition;
- Recording condition of patient prior to, during, and following administration of anesthetic and type of anesthetic used;
- Assisting in moving patients to recovery room and observing condition, notifying physicians when unfavorable situations develop; and
- Assisting with care of patients suffering respiratory or cardiac emergency problems with airway management techniques and using Advanced Cardiac Life Support guidelines.

15. Under "Physical Effort", the Wash U School of Medicine Job Description for a Nurse Anesthetist reads: "*Typically bending, crouching, stooping; Occasional lifting (>25 lbs); Typically standing or walking*".

**B. Relevant Policy Provisions.**

16. The LTD Policy defines "Disabled" or "Disability" as:

*"HOW DOES UNUM DEFINE DISABILITY?*
*You are disabled when Unum determines that:*
*- you are limited from performing the material and substantial duties of your*
*regular occupation due to your sickness or injury; and*
*- you have a 20% or more loss in your indexed monthly earnings due to the same*
*sickness or injury.*
*You must be under the regular care of a physician unless regular care:*
*- will not improve your disabling condition(s); or*
*- will not prevent a worsening of your disabling condition(s).*
*The loss of a professional or occupational license or certification does not, in itself,*
*constitute disability."*

[LTD Policy, LTD-BEN-1 (7/1/2020) REV]

17. The LTD Policy defines "Material and Substantial Duties" as:

*"MATERIAL AND SUBSTANTIAL DUTIES means duties that:*
*- are normally required for the performance of your regular occupation; and*
*- cannot be reasonably omitted or modified, except that if you are required to work on average in*
 *excess of 40 hours per week, Unum will consider you able to perform that requirement if you*
 *are working or have the capacity to work 40 hours per week."*
[LTD Policy, GLOSSARY-2 (7/1/2020) REV]

**C. Medical Information Supporting Plaintiff's Total Disability.**

18. In November of 2023, Plaintiff was forced to stop working due to Trigeminal Neuralgia, which has progressed over time, and a secondary diagnosis of SIADH[1], which stands for Syndrome of Inappropriate Secretion of Antidiuretic Hormone.

---

[1] Syndrome of inappropriate antidiuretic hormone secretion (SIADH) is a condition in which the body makes too much antidiuretic hormone (ADH). ADH is also called vasopressin. This hormone helps the kidneys control the amount of water your body loses through the urine. SIADH causes your body to retain too much water. *Available at* https://medlineplus.gov/ency/article/000314.htm

4

19. As a result of these conditions, Plaintiff suffers from several disabling symptoms, including, but not limited to: fatigue, numbness, facial pain, facial swelling, leg swelling, (exacerbation of those symptoms with cold weather, touching, talking, and chewing), migraines, severe headaches, light sensitivity, anxiety, difficulty sleeping, and short-term memory loss.

20. Plaintiff, together with her physicians, has attempted to treat her conditions with abortive therapy, trials of medication including muscle relaxants and steroids, but nothing has provided her with enough relief to allow her to return to work.

21. Plaintiff's physicians have consistently held that Plaintiff has remained totally disabled due to her disabling conditions since she was forced to stop working in November of 2023, and that she continues to remain totally and permanently disabled due to these conditions today.

**D. Claim Information Under the LTD Policy.**

22. In November of 2023, Plaintiff was forced to stop working due to the severity of her conditions and filed a claim for short-term disability benefits.

23. Unum approved Plaintiff's claim for short-term disability benefits and paid her benefits for the entire short-term disability period.

24. In May of 2024, Unum informed Plaintiff that her STD claim would be ending and that she would be considered for LTD benefits.

25. Unum denied Plaintiff's LTD claim in a letter dated September 16, 2024.

26. Plaintiff appealed Unum's September 16, 2024 denial on October 11, 2024.

27. As part of her appeal, Plaintiff submitted to Unum evidence supporting the fact that she has remained totally disabled since November of 2023, that her condition is life-long, permanent, and that her health has not improved in any way.

28. Documentation submitted with Plaintiff's appeal letter included a letter from the Plaintiff explaining her actual job duties as a Nurse Anesthetist, and an October 8, 2024 "Appeal" progress note from Dr. Mohammad Ahmed, Plaintiff's treating internist, explaining that it is medically unsafe for Plaintiff to perform her job as a Nurse Anesthetist, especially while taking her medications.

29. In his letter in support of Plaintiff's appeal, Dr. Ahmed further explained that working as a Nurse Anesthetist would put both Plaintiff and her patients at risk.

30. In an October 29, 2024 letter to Plaintiff, Unum enclosed a medical review by Unum's on-staff physician, Dr. Zachary Gross. The letter allowed Plaintiff to provide a response.

31. In an email dated December 3, 2024, Plaintiff's husband sent Unum three videos of Plaintiff, showing that she is in extreme pain.

32. On December 9, 2024, Plaintiff's husband sent a letter enclosing additional documents in support of Plaintiff's claim including: A November 26, 2024 letter from Dr. Chakrapol Lattanand, Plaintiff's treating anesthesiologist, in support of her disablity claim; a Physician's Statement for Disabled License Plates/Placard approved by Dr. Mohammed Ahmed; and letters of support from both of Plaintiff's daughters.

33. Despite this evidence, Unum finally denied Plaintiff's LTD claim in a letter dated January 15, 2025.

34. The medical information in the claim file establishes that Plaintiff was entitled to receive LTD benefits under the LTD policy for the entire duration of the LTD benefit period.

35. Plaintiff's physicians have consistently and continually reported that she remains totally disabled from working in any occupation.

36. Plaintiff provided significant proof of disability. Despite this proof, Unum refused to pay Plaintiff her LTD benefits.

37. In denying Plaintiff's LTD benefits, Unum acted as a fiduciary in the administration of her claim.

38. Unum breached its fiduciary duties set forth in ERISA §404, 29 U.S.C. §1104, in failing to act for the exclusive benefit of the Plaintiff and failing to act in accordance with the terms of the LTD Policy.

39. Plaintiff has exhausted her administrative remedies.

## CLAIMS FOR RELIEF

## COUNT 1: WRONGFUL TERMINATION OF LONG-TERM DISABLITY BENEFITS

40. The foregoing paragraphs are hereby realleged and are incorporated herein by reference. From November 2023 until the present, Plaintiff has remained disabled under the terms of the LTD policy.

41. Plaintiff has provided Unum with substantial evidence verifying her total disability and eligibility for LTD benefits under the LTD policy.

42. Plaintiff's physicians have consistently reported that she is unable to work due to the seriousness of her conditions.

43. Unum wrongfully denied Plaintiff's claim for LTD benefits in violation of the terms of the Plan and ERISA.

44. Unum has breached the terms of the Plan and violated ERISA by failing to pay disability benefit payments to Plaintiff at a time when Unum knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD policy.

45. Plaintiff is informed and believes and thereon alleges that Unum wrongfully denied her LTD benefits by other acts or omissions of which she is presently unaware, but which may be discovered in this future litigation and which she will immediately make Unum award of once said acts or omissions are discovered.

46. Following the denial of benefits under the LTD policy, Plaintiff exhausted all administrative remedies required under the Plan and ERISA. As demonstrated by Unum's actions herein, attempts to pursue further administrative remedies would have been futile.

47. Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD policy. As a proximate result of the aforementioned wrongful conduct of Unum and the Plan, Plaintiff has damages for loss of LTD benefits in a total sum to be shown at time of trial.

48. The wrongful conduct of Unum and the Plan has created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce her rights under the terms of the Plan.

49. Unum abused its discretion by wrongfully denying Plaintiff's LTD benefits.

50. By denying Plaintiff's claim despite a plethora of evidence supporting her eligibility for benefits, Unum denied Plaintiff's claim in bad faith.

WHEREFORE, the Plaintiff, Julia Reando, requests that this Honorable Court enter judgment:

A. Finding that Julia Reando is entitled to LTD benefits and order Unum to pay all past due benefits and pay for future monthly benefits as they become due.

B. Award Julia Reando interest in the amount of past due benefits which remain unpaid.

C. Award Julia Reando her attorney's fees and costs.

D. Awarding all other relief as may be just and appropriate.

Dated: February 18, 2025

Respectfully submitted,

s/Talia Ravis_____
Talia Ravis
MO Bar No. 58366
Law Office of Talia Ravis
9229 Ward Parkway, Suite 370
Kansas City, MO 64114
816-333-8955 (ph)
800-694-3016 (fax)
talia@erisakc.com
*ATTORNEY FOR PLAINTIFF*

8